IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK KRASOVEC and ZOHAR ZIV, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 25-1275-CFC-SRF |
| ) | |
| SIDDHARTH JAWAHAR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **February, 2026**, the court having considered *pro se* defendant Siddharth Jawahar's ("Jawahar") motion to stay, (D.I. 25), and the briefing associated therewith (D.I. 27),[1] IT IS HEREBY ORDERED that Jawahar's motion to stay is DENIED without prejudice for the following reasons.

1.  **Background.** Plaintiffs Frank Krasovec and Zohar Ziv (collectively, "Plaintiffs") brought this civil action for breach of contract and indemnification against Jawahar in the Middle District of Tennessee on April 5, 2024. (D.I. 1) Plaintiffs contend that they became victims of Jawahar's investment scheme when they invested money with him and solicited funds from other potential investors on his behalf beginning in January of 2019. (*Id.* at ¶ 12) The complaint alleges that, once Plaintiffs became aware of a Texas State Securities Board Disciplinary Order (the "TSSB Order") issued against Jawahar, they entered into an Omnibus Agreement with him to fully divest him from some investments and to preserve and protect investors' investments. (*Id.* at ¶¶ 11, 13-14)

---

[1] Per the District of Delaware Local Rules, Jawahar's reply brief was due on or before February 5, 2026. To date, no reply brief has been filed. Accordingly, the court issues this ruling based on the papers submitted.

2. In the complaint, Plaintiffs contend that Jawahar failed to comply with the terms of the Omnibus Agreement. (*Id.* at ¶¶ 19-20) Plaintiffs also seek indemnification for their lost investments, substantial legal fees, and other expenses incurred in relation to claims asserted against Plaintiffs by Jawahar's other investors in related Civil Action No. 25-1135-CFC-SRF, *Richardson, et al. v. Jawahar, et al.* (the "*Richardson* Action"). (*Id.* at ¶¶ 16, 22-23; D.I. 27 at 2)

3. Jawahar has been subject to criminal proceedings in the Eastern District of Missouri for the duration of this civil action. He was criminally indicted on December 20, 2023, and he recently entered a guilty plea to three counts of wire fraud on January 21, 2026, less than two weeks after he filed the pending motion to stay in the instant action. (D.I. 1 at ¶ 17; D.I. 25; D.I. 27, Ex. 1) In the motion, Jawahar seeks a twelve-month stay of this action pending resolution of his criminal proceedings. (D.I. 25)

4. **Legal Standard.** The district court has broad discretion in considering a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). In deciding whether to stay a civil case pending the resolution of a criminal matter, courts generally consider: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interest in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest." *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004).

5. **Analysis.** Jawahar requests a twelve-month stay of this action, arguing that he would be prejudiced in asserting his Fifth Amendment rights in his criminal proceeding if the civil action proceeds. (D.I. 106) Jawahar's motion does not address the remaining stay factors.

(*Id.*) As Plaintiffs note, Jawahar's subsequent agreement to a guilty plea moots the asserted basis for the requested stay. (D.I. 27 at 3)

6. Nonetheless, Plaintiffs seek their own stay of this action until resolution of the pending motions to dismiss in the *Richardson* Action. (*Id.* at 2) In support, Plaintiffs contend that this civil action will be resolved if their motions to dismiss in the *Richardson* Action are granted. (*Id.* at 3) Plaintiffs provide no further analysis of the applicable stay factors. A pending motion to dismiss does not support a stay of the litigation absent well-founded reasons for staying the case. Consequently, Plaintiff's alternative request for a stay is DENIED without prejudice.

7. **Conclusion.** For the foregoing reasons, Jawahar's motion to stay is DENIED without prejudice. (D.I. 25) Plaintiff's alternative request to stay pending resolution of the motions to dismiss in the *Richardson* Action is also DENIED without prejudice.

8. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

9. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge